UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 15-165(40)(JRT/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) PLEA AGREEMENT AND |
| | ) SENTENCING STIPULATIONS |
| v. | ) |
| | ) |
| (40) SARAH ELIZABETH THOMPSON, | ) |
| | ) |
| Defendant. | ) |

The United States of America and Sarah Elizabeth Thompson (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with conspiracy to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin and quantities of mixtures and substances containing detectable amounts of methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, all in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. Further, in consideration for his plea, the Government agrees that it will not file an information pursuant to Title 21, United States Code, Section 851.

1



2. **Factual Basis.** The United States and the defendant agree on the following factual basis for the plea.[1] The defendant further agrees that were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

    a. From April 2014 and continuing through April 2015, the defendant conspired with others, including the co-conspirators identified in the Indictment, to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone. More specifically, the defendant voluntarily and intentionally joined in an agreement or understanding with others to distribute the above-named controlled substances. The defendant acted voluntarily when she so conspired and knew that her actions violated the law.

    b. As part of the conspiracy, the defendant and her co-conspirators obtained heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone from co-conspirator sources of supply in Minneapolis, Minnesota, Detroit, Michigan, and Chicago, Illinois. With the aid of others, the defendant then voluntarily and knowingly sold or otherwise distributed portions of the controlled substances to the communities in and surrounding the Red Lake Indian Reservation and the White Earth Indian Reservation in the District of Minnesota and the Spirit Lake Reservation in the District of North Dakota.

---

[1] The United States and the defendant agree that not all the facts and circumstances of the conspiracy are outlined in the factual basis. Rather, the factual basis contains only those facts necessary to establish the elements of the offense alleged in Count 1 of the Indictment.

c. The defendant agrees that as part of the conspiracy, she distributed at least 1 kilogram but less than 3 kilograms of heroin and approximately 75 to 100 Schedule II pharmaceutical pills including oxycodone, hydromorphone, hydrocodone, and methadone. An example of distribution and possession with intent to distribute includes the following: on or about March 26 and 27, 2015, the defendant traveled from the State and District of Minnesota to the Spirit Lake Reservation to provide low-level distributors with approximately 50 grams of heroin and approximately 70-75 Schedule II pharmaceutical pills to distribute for the Beasley distribution network. The defendant then collected money for Beasley.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

4. **Statutory Penalties.** The parties agree that Count 1 of the Indictment carries statutory penalties of:

   a. a mandatory minimum of 10 years imprisonment;

   b. a maximum of life imprisonment;

   c. a supervised release term of at least 5 years;

   d. a fine up to $10,000,000;

   e. a mandatory special assessment of $100;

   f. assessment to the defendant of the costs of prosecution; and

   g. possible denial of federal benefits under 21 U.S.C. § 862(a)(1).

5. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any condition of supervised release, the defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

6. **Guideline Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations:

   a. Applicable Guidelines. The applicable version of the Sentencing Guidelines incorporates amendments through November 1, 2014. Guideline Section 2D1.1 applies to Count 1.

   b. Base Offense Level. The parties agree that the base offense level for Conspiracy to Distribute Unlawful Controlled Substances is **30**. U.S.S.G. §§ 2D1.1(a)(5) and (c)(5); § 2D1.1 cmt. n. 8.

   c. Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

   d. Chapter 3 Adjustments. The government believes that the offense level should be increased by **2 levels**, because the defendant was an organizer, leader, manager, or supervisor in the criminal activity. U.S.S.G. § 3B1.1(c). The defendant does not agree and will oppose this enhancement.

   e. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and to move for an additional **1-level** reduction under U.S.S.G. § 3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be

4

determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendation is conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The parties agree that other than as provided herein no other Chapter 3 adjustments apply.

f. Criminal History Category. Based on information available at this time, the parties believe that the defendant's criminal history category is **III** or **IV**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

g. Guideline Range. If the adjusted offense level is **29**, and the criminal history category is **III**, the Sentencing Guidelines range is **108-135** months of imprisonment; if the criminal history category is **IV**, the Sentencing Guidelines range is **121-151** months imprisonment. If the adjusted offense level is **27**, and the criminal history category is **III**, the Sentencing Guidelines range is **87-108** months of imprisonment; if the criminal history category is **IV**, the Sentencing Guidelines range is **100-125** months imprisonment.

h. Fine Range. If the adjusted offense level is 29, the fine range is $15,000 to $150,000. If the adjusted offense level is 27, the fine range is $12,500 to $125,000. U.S.S.G. § 5E1.2(c)(3).

i. Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 5 years. U.S.S.G. § 5D1.2(c).

> j.  **Sentencing Recommendation and Departures.** The parties reserve the right to make a motion for departure from the applicable Guidelines range and to oppose any such motion made by the opposing party. The parties reserve the right to argue for a sentence outside the applicable Guidelines range.

7.  **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable guidelines calculations or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

8.  **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100.00 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

9.  **Waiver of Appeal.** The defendant understands that by pleading guilty, she waives all right to a trial or appeal on the question of guilt or innocence. The defendant further understands that 18 U.S.C. § 3742 affords the defendant the right to appeal her guilty plea or the sentence imposed in this case. Acknowledging this right, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal defendant's sentence, if the Court imposes a sentence at or below 151 months imprisonment. In exchange, the

United States waives its right to appeal the sentence unless the sentence of imprisonment is less than 120 months. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

10. **Forfeiture.** Defendant agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all of her right, title, and interest to any property applicable to the forfeiture allegations in the Indictment.

11. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

12. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: 12-21-2015

ANDREW M. LUGER
United States Attorney

BY: DEIDRE Y. AANSTAD
Assistant U.S. Attorney

MELINDA A. WILLIAMS
Assistant U.S. Attorney

Date: 12/21/15

SARAH ELIZABETH THOMPSON,
Defendant

Date: 12/21/15

PAUL D. SCHNECK,
Counsel for Defendant