UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(40)JRT/LIB

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) DEFENDANT'S POSITION REGARDING |
| | ) SENTENCING FACTORS, MOTION FOR |
| v. | ) VARIANCE AND MOTION FOR |
| | ) DOWNWARD DEPARTURE |
| Sarah Elizabeth Thompson, | ) PURSUANT TO USSG §4A1.3 |
| | ) |
| Defendant. | ) |

The defendant, Sarah Elizabeth Thompson, through counsel, submits this position paper regarding sentencing factors related to any remaining disputed findings in the Presentence Report (PSR). Ms. Thompson plead guilty on December 21, 2015 to Count 1 of the indictment, Conspiracy to Distribute and Possession with Intent to Distribute Heroin. The PSR found that her base offense level is 30. It found that she has a 3 level increase for role adjustment in that she was a manager or supervisor and the criminal activity involved 5 or more participants and that she coordinated many organizational aspects of the conspiracy. As a result, the PSR found that Ms. Thompson's adjusted offense level is 33. The PSR found that Ms. Thompson has a 3 level decrease for acceptance of responsibility, giving her as total offense level of 30.

The PSR found that Ms. Thompson has a criminal history score of 8, including 6 points for past criminal convictions and 2 points for being on probation on an unrelated matter at the time she committed the instant offense. As a result, the PSR found that her criminal history category is IV, yielding an advisory guideline range of 135-168 months.

Ms. Thompson objects to many of these findings.

ROLE

Ms. Thompson maintains that she does not qualify for any level increase for role adjustment, and that she was not a manager or supervisor. She was a heavily drug-addicted woman, and had been for many years. She had the misfortune to become romantically involved with the leader of this conspiracy, Mr. Beasley, and so to come under his influence. Along with abusing her both physically and mentally, he used her to go with others whom he trusted, to sell drugs. Since she was heavily addicted, he did not trust her to do this alone, or to be in charge of anything. But she did accompany the others, and participated in the conspiracy.

In the plea agreement, the Government maintained, and continues to maintain, that Ms. Thompson merits a 2 level increase for role adjustment, while Ms. Thompson, as has been noted, maintains that she should have no increase for role in this regard. If this Court agrees with the Government, Ms. Thompson would receive a 2 level increase, not 3 levels, for role, resulting in a total offense level of 29. If it agrees with Ms. Thompson, Ms. Thompson would receive no increase for role, resulting in a total offense level of 27.

CRIMINAL HISTORY

The PSR found that Ms. Thompson has 6 points from prior criminal convictions. Ms. Thompson maintains that she should only receive 3 points in this regard, two for the felony conviction found at paragraph 114 of the PSR, and 1 for the misdemeanor theft conviction found at paragraph 115. She maintains that she should not receive 3 points—1 point each—for the misdemeanor convictions found at paragraphs 111, 118 and 119 of the PSR.

Ms. Thompson maintains that she should not receive a criminal history point for the misdemeanor theft conviction found at paragraph 111, in that she was not provided counsel for the plea, and there is no evidence in the record that she was advised of her right to have counsel.

She maintains that she should not receive criminal history points (1 each) for the two North Dakota misdemeanor convictions found at paragraphs 118 and 119. This is because she was not provided counsel for either of those convictions, nor is there any evidence that she was advised that she could have counsel in either of those cases. Finally, neither Ms. Thompson nor her counsel was provided any paperwork confirming the existence of these convictions.

Ms. Thompson does not dispute that she should receive 2 points for being on probation at the time of the instant offense. As a result, Ms. Thompson maintains that her criminal history score is 5, resulting in a criminal history category III.

ADVISORY GUIDELINE RANGE

As noted, the PSR found that the advisory guideline range is 135-168 months. Given the Government's position regarding role adjustment, the advisory guideline range would be 121-151 months. If the Court adopts Ms. Thompson's position regarding criminal history category, her advisory guideline range would be 108-135 months, or 120-135 months, given the mandatory minimum that applies in this case. If the Court adopts Mr. Thompson's position regarding criminal history category AND role adjustment, the advisory guideline range would be 87-108 months, or 120 months given the mandatory minimum.

Ms. Thompson has other objections to the PSR that are do not directly affect the guideline calculations. These are:

1. Paragraph 58: Ms. Thompson admitted in the plea agreement and during her plea hearing that she participated in the conspiracy and specifically that on or about March 26-27, 2015, she and others traveled to the Spirit Lake Reservation to distribute drugs. She objects to all other allegations in this paragraph.

2. Paragraph 60: Ms. Thompson objects to this paragraph to the extent it involves her in this specific situation.

3. Paragraph 85: Ms. Thompson objects to the truth of the implication here that somehow she was involved in this incident.

MOTION FOR USSG §4A1.3 DOWNWARD DEPARTURE

The PSR finds that Ms. Thompson has 8 criminal history points. These consist of 4 total from a felony drug conviction when she was 22—2 for the conviction and 2 more since she was still on probation for it at the time of the instant offense. 1 point is from a misdemeanor shoplifting conviction from when she was 19. The remaining 3 are all from misdemeanor convictions, two for theft and one for testing positive for methamphetamine. For 3 of the misdemeanor convictions, Ms. Thompson was not represented by counsel.

Ms. Thompson disputes some of those points in this motion. However, if this Court finds that these points do apply, Ms. Thompson maintains that the result is that her criminal history category may significantly over-represent the seriousness of her criminal history or the likelihood that she will commit further crimes, and that therefore a downward departure may be warranted under USSG §4A1.3. Ms. Thompson asks this Court to so find.

SENTENCING UNDER 18 U.S.C. § 3553(a)

The Court's sentencing options in Ms. Thompson's case are guided and governed by 18 U.S.C. § 3553. *See Gall v. United States*, 552 U.S. 38, 46 (2007) (clarifying that 18 U.S.C. § 3553(a) is the controlling law and the Sentencing Guidelines are merely advisory). Section 3553(a) directs the Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the following purposes set forth in paragraph 2 of that section: (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with the needed correctional treatment.

Section 3553(a) also sets forth several criteria the Court "shall consider" in determining the appropriate sentence: (1) the nature of the offense and the history and characteristics of the defendant; (2) the purposes of sentencing; (3) the kinds of sentences available (i.e. alternatives to prison); (4-5) the Sentencing Guidelines and their Policy Statements (which are advisory); (6) avoiding disparity in treatment of similar offenders; and (7) the need to provide restitution. In short, the Court must "consider every convicted person as an individual and every case as a unique study in human failing that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Gall*, 522 U.S. at 46. *Gall* indicates that even factors disfavored by the Sentencing Commission may be relied on by the district court in fashioning an appropriate sentence. *Id.*

A review of the relevant factors in this case supports a sentence at no more than the mandatory minimum sentence in this case.

A. The Nature and Circumstances of the Offense Warrant a Downward Variance.

In this case, Ms. Thompson became the girlfriend of the leader of the conspiracy. For her, this was a way to obtain drugs to feed her addiction. She will pay heavily for entering into this relationship to obtain drugs, she will serve no less than ten years in prison. The is no reason for her to serve more time than this already long prison term.

B. History and Characteristics of the Defendant.

A mitigation report will be file in the next few days under seal outlining these factors.

C. The Need for the Sentence Imposed.

Even if this Court does everything Ms. Thompson asks, she will still serve ten years in prison. It is hard to imagine a need for more time than that. She will be away from her family

and children for all that time, and hopefully will emerge with skills to avoid ever going back to prison.

CONCLUSION

Based on the foregoing arguments, Ms. Thompson asks that this Court to find that her advisory guideline range is 87-108 months, or 120 months due to the mandatory minimum in this case. months. In the alternative, if the Court finds that the advisory guideline range as found by the PSR is correct, she asks the Court for a downward variance to 120 months.

Dated: 4/25/2016                              Respectfully submitted,


                                              s/Paul Daniel Schneck  
                                              Paul Daniel Schneck  
                                              Attorney for Defendant  
                                              222 South 9th Street, Suite 1600  
                                              Minneapolis, MN  55402  
                                              (612) 990-3390, 337-9595  
                                              Attorney License No. 147035