UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(40)(JRT/LIB)

UNITED STATES OF AMERICA,

Plaintiff,

v.

(40) SARAH ELIZABETH THOMPSON,

Defendant.

**GOVERNMENT'S POSITION
WITH RESPECT TO
SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Sarah Elizabeth Thompson. For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 121 months of imprisonment followed by a term of supervised release.

## <u>INTRODUCTION</u>

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.) Subsequently, on December 21, 2015, the defendant

entered a plea guilty based on her role in the conspiracy as alleged in Count 1 of the Indictment.

I.     Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley.  According to information provided by community members as well as investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation and the White Earth Indian Reservation in the District of Minnesota.  Further, Beasley was using local community members to assist him in the distribution of controlled substances. A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation.  Inside the residence, officers located several charged co-conspirators and approximately 1300 grams of heroin.  All the individuals located inside the home were arrested on tribal or state charges.

After this seizure, the investigation into the drug trafficking of Omar Sharif Beasley was advanced through various means including utilizing confidential informants, making controlled purchases, conducting physical surveillance, and initiating interception of wire communications on the phones utilized by Beasley during March and April 2015.  The defendant became a target during the investigation when law enforcement intercepted the defendant on a multitude of wire calls in March and April 2015.  The defendant was also identified during physical surveillance of Beasley and his associates.  Law enforcement

2

learned that the defendant was Beasley's girlfriend and right-hand in leading and organizing the drug trafficking organization.

During the time of the investigation, law enforcement learned that from approximately August 2014 through April 2015 the defendant took part in Beasley's drug operation as an organizer or manager. The defendant transported and distributed controlled substances from the District of Minnesota to the Spirit Lake Indian Reservation. The defendant also procured cell phones, rented hotel rooms, collected money, and served as a point of contact for other co-conspirators. Finally, the defendant oversaw several lower-level distributors on the Spirit Lake Indian Reservation.

Based on the defendant's admissions in December 2015, the defendant distributed between one and three kilograms of heroin and a multitude of Schedule II pharmaceutical pills from August 2014 through April 2015 for the Beasley drug trafficking organization.

II.   <u>Prior Criminal History</u>

As outlined in the Presentence Report prepared in this matter, the defendant has a significant criminal history that includes a prior controlled substance conviction for selling cocaine and other drugs on the White Earth Reservation. At the time the defendant was participating in the Beasley drug trafficking operation, the defendant was on probation for a prior controlled substance offense. Further, the defendant had an active warrant for violating that probation because she failed to maintain contact with her probation officer and abide by the rules of probation. The defendant has a criminal history score of IV because the defendant has other convictions in addition to the controlled substance

condition and probation.  The defendant's other convictions include three theft-related offenses and ingesting a controlled substance.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  In this matter, the defendant pled guilty to Conspiracy to Distribute 1 kilogram or more of heroin.  This offense carries a mandatory minimum sentence of 120 months' imprisonment.  In addition to this mandatory minimum sentence, the Sentencing Guidelines are applicable.  The PSR correctly determined that the adjusted offense level for distributing 1 to 3 kilograms of heroin is 30.  (PSR ¶ 96.)

With regard to her role, the PSR appropriately assessed an adjustment for the defendant's management role in the offense.  (PSR ¶ 100.)  Based on the investigative materials associated with this matter, the PSR appropriately assessed a 3-level adjustment for her role.  (*Id.*)  However, in the plea agreement and sentencing stipulations, the government agreed to ask for a 2-level adjustment for her management role based on information available at the time of the plea agreement.[1]  Based on the government's agreements made in the plea agreement, the government must object to a 3-level

---

[1] Since the time of the defendant's plea, the government reviewed *United States v. Kirkeby*, 11 F.3d 777 (8th Cir. 1993).  The government understands that because the conspiracy involved more than 5 participants, a 3-level adjustment is appropriate for a role enhancement.

4

adjustment and request that a 2-level adjustment be applied for the defendant's management role.

Moving on to the remaining calculations, the PSR appropriately determined that the defendant is entitled to a 3-level adjustment for acceptance of responsibility.  (PSR ¶¶ 104 and 105.)  The PSR correctly concluded that the defendant's criminal history category is IV.  (PSR ¶ 122.)

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute Heroin is 135 to 168 months of imprisonment.  (PSR ¶ 160.)  To abide by the terms of the plea agreement, the government respectfully requests that the Court modify the guidelines calculations and Guidelines range to include a 2-level rather than 3-level adjustment for the defendant's role in the offense.  Accordingly, the Guidelines range would be 121 to 151 months of imprisonment.

And, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 121 months' imprisonment for conspiracy to distribute between 1 and 3 kilograms of heroin.

## OBJECTIONS TO THE SENTENCING GUIDELINES CALCULATION

In her position pleading, the defendant objects to numerous facts and enhancements contained in the PSR.  Most significantly, the defendant objects to any adjustment in the offense level for a role enhancement.  The defendant claims that she is not a leader, organizer, manager, or supervisor.  Thus, she should not qualify for either a 2- or 3-level

adjustment.  The government respectfully requests that the Court overrule this objection and impose a 2-level adjustment for the reasons set forth above.

Pursuant to U.S.S.G. § 3B1.1, application nt. 4, factors that the Court should consider in determining whether a role enhancement is applicable are as follows:  (1) the exercise of decision making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in the planning or organizing; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others.  Here, the defendant claims that she was simply an individual that was addicted to heroin and used her relationship with Beasley to get drugs.  However, the intercepted telephone calls reveal another story.  The defendant worked hand-in-hand with Beasley to organize and manage the drug trafficking operation.  Beasley relied on the defendant to rent cars, organized distribution on the Spirit Lake Reservation, and gather money from different lower-level managers and distributors.  At the sentencing hearing, the government intends to play several of the intercepted wire calls in support of an adjustment for the defendant's role in the offense.

Next, the defendant objects to her calculated criminal history category because the defendant should not have received criminal history points for two theft convictions and a controlled substance conviction because the convictions were not counseled.  The defendant provides no support for such an argument because the defendant need not have counsel for convictions where jail is not imposed.  The PSR appropriately addresses these

6

objections.  Accordingly, the government respectfully requests that the Court overrule the defendant's objections with respect to her criminal history category.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 121 months' imprisonment is appropriate for the defendant.  Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.   Nature and Circumstances of the Offense

Here, the defendant admitted her role in the distribution of heroin to Native American communities in Minnesota and North Dakota for approximately 8 months.  The defendant admitted that she distributed more than 1 kilogram of heroin in those 8 months.  Further, the defendant took an active role in assisting Beasley with the organization of the

7

drug trafficking operation. The defendant purchased cell phones, managed lower-level distributors in North Dakota, and collected money from lower-level managers and distributors alike. Although an addict herself, the defendant distributed a significant quantity of heroin to other mothers, fathers, friends, and family members on two reservations that were her own. The defendant's actions did not only impact her own health and well-being. Rather, the defendant contributed to a significant epidemic in Native American communities in both the Districts of Minnesota and North Dakota.

Based upon the nature and circumstances of the offense, a sentence of 121 months' imprisonment is a fair and just sentence. The defendant took on a leadership role in the distribution of heroin based in part on her closeness to Omar Beasley. The defendant actively distributed a significant quantity of heroin on numerous reservations.

II.     History and Characteristics of the Defendant

The defendant has led a difficult life between the White Earth and Spirit Lake Indian Reservations. The defendant turned to drugs and alcohol at a young age despite a father whom tried to shield her and provide for her. The defendant tried to stay on track, but her addictions continued. In 2007, the defendant was convicted of selling cocaine and other pharmaceutical substances on the White Earth Reservation. That conviction did not stop the defendant. Rather, she continued to violate probation and remain in a life of crime – distributing heroin to community members. The defendant rose to a leadership role in the Beasley organization taking on the responsibility of organizing the distribution of

8

significant amount of heroin and other controlled substances in communities where she grew up.

Although the defendant's upbringing and criminal history may reflect the need for a lesser sentence, the defendant's role in the offense and prior criminal history mitigate against this lesser sentence. When the defendant's role is compared with other co-conspirators, a sentence of 121 months' imprisonment is fair and just.

III.   A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 121 months' imprisonment balances all these societal and personal factors.

Here, although the defendant had her own struggles with addiction, the defendant enabled and contributed to the epidemic of heroin and substance abuse on Indian reservations in both the Districts of Minnesota and North Dakota. There is no secret about the struggles that Native Americans face with addictions. The defendant herself admits the chemical dependency struggles that her family and friends face. There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole. These outside influences would not be successful

9

if it were not for community members like the defendant.  The defendant chose to not be just a user, but to be an organizer and manager in an organization that poisoned her communities of White Earth and Spirit Lake.  To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for her actions.  Further, there must be an adequate sentence in hopes of deterring others from becoming those connections that allow an entire community to be impacted.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 121 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## **CONCLUSION**

The government respectfully requests that the Court impose a sentence of 121 months' imprisonment.  This sentence is reasonable as guided by the factors outlined in 18 U.S.C. § 3553(a).

Dated:  July 1, 2016                                   Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

s/Deidre Y. Aanstad

BY:  DEIDRE Y. AANSTAD
Assistant U.S. Attorney
Attorney ID No. 0331788